FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 1 2 2015

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

MICHAEL BANG,
     Plaintiff, <u>Pro Se</u>

v

                        Civil Action Number:
                        1:15:CV-00191-WBH

                        AMENDED COMPLAINT
                        (Consolidation per court order)

NATIONSTAR MORTGAGE LLC,
          Defendant

## INTRODUCTION

1. This is an action for monetary damages for statutory violations of The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and statutory violations the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq.

2. These laws prevent, respectively, debt collectors and persona from, inter alia, engaging in abusive, deceptive and unfair collection practices.

**JURISDICTION**

3. Jurisdiction of this Court arises under 47 U.S.C §227(b)(3) and 15 USC §1692 et seq.

4. Venue is proper under 28 U.S.C. 1391(b)(2), §§ 1331, 1337, and 1367.

5. Venue is also proper in this District because Defendant's registered agent is located here and Defendant also placed calls into this District.

**PARTIES INVOLVED,**

**STATEMENT OF FACTS**

6. Plaintiff Michael Bang is a natural person who resides in the Northern District of Georgia, and County of Fulton, State of Georgia.

7. Plaintiff Michael Bang is a "consumer" as defined in FDCPA 15 U.S.C. § 1692(a)3.

8. Defendant is a Texas limited liability company.

9. Defendant is registered in Georgia as a Foreign LLC with the office of the Georgia Secretary of State.

10. Defendant Nationstar Mortgage LLC is a debt collector as said term is defined under FDCPA 15 U.S.C. § 1692(a)6 and TCPA 47 USC § 227.

11. Defendant's registered agent is Corporation Service Company.

12. The office of Defendant's registered agent is located at 40 TECHNOLOGY PARKWAY SOUTH SUITE 300, Norcross Georgia 30092.

13. Defendant's registered agent may be served with legal process at the aforesaid address.

14. Defendant uses telephone communications in the execution of it business activities.

15. Defendant uses the mail in the execution of it business activities.

16. Defendant consistently used a pre-recorded voice or automated messages when making all calls to Plaintiff's cell.

17. Plaintiff has preserved for the record multiple actual recordings of Defendant's pre-recorded, automated voice calls.

18. Defendant used an auto dialer to place numerous phone calls to Plaintiff's cell phone number without Plaintiff's permission.

19. Plaintiff intends to propound evidence that this is a common practice of Defendant during discovery.

20. Said phone calls to Plaintiff's cell phone occurred within the statue of limitations period for the TCPA and FDCPA.

21. On June 24, 2014 Plaintiff mailed a "Notice of Pending lawsuit" to Defendant.

22. Plaintiff identified in the notice Defendant's multiple willful and negligent violations of the FDCPA and TCPA in their letter.

23. Plaintiff mailed Defendant the notice in an attempt to negotiate a good faith relief settlement.

24. On Jun 24, 2014 at 00:58:22 GMT, Notice was sent to Defendant's Registered Agent "Corporate Service Company" via fax at the following number: 302-636-5454.

25. On Jun 24, 2014 Plaintiff received a fax confirmation receipt to preserve proof the notification was sent and received at 302-636-5454.

26. On June 24, 2014 the written Notice was mailed to Defendant through the Defendant's Registered Agent "Corporate Service Company".

27. Plaintiff mailed the notice to Defendant via United State Postal Service.

28. Plaintiff requested Certified and return receipt service from the United State Postal Service.

29.Plaintiff's United State Postal Service return receipt article number was

7011-0470-0000-3963-5464.

30.On June 25, 2014 at 10:36 AM Eastern Defendant's Registered Agent

"Corporate Service Company" signed for and received Plaintiffs notice.

31.On June 27, 2014 Defendant's agent and/or employee (self identified as a

"Customer Relations Specialist" hereafter referred to as ("CRS") Nanci Li

issued a written response to Plaintiff's notice.

32.Defendant's agent and/or employee CRS Nanci Li thanked Plaintiff for

"bringing this matter to our attention" in the Defendants June 27, 2014

written response.

33.Defendant's agent and/or employee CRS Nanci Li acknowledged to

Plaintiff "We take all such matters seriously and are in the process of

reviewing the account with consideration to your concerns" in the

Defendants June 27, 2014 written response.

34.Defendant's agent and/or employee CRS Nanci Li letter left Plaintiff with

an expectation a good faith resolution and settlement negotiation was

forthcoming.

35. Defendant's agent and/or employee CRS Nanci Li informed Plaintiff Defendant's "goal is to provide a response no later than August 06, 2014.

36. Plaintiff, in good faith waited the 5 weeks requested by Defendant's agent and/or employee CRS Nanci Li in the Defendants June 27, 2014 written response.

37. Defendant never again responded in writing or by phone anytime thereafter.

38. Plaintiff has no knowledge of any contracts executed with Defendant which would constitute a business relationship.

## STATUTORY STRUCTURE OF THE TCPA

39. The purpose of the TCPA is to reduce the number of nuisance calls and is designed specifically to prevent certain types of unauthorized calls to cell phones (as well as home phones). 47 U.S.C. § 227(b)(1)(A)(iii);

40. Auto dialed calls (i.e., dialed by a computer), pre-recorded messages, and machine generated messages may only be used against a consumer if the

consumer gave express permission to the creditor and/or the debt
collector to do so. 47 U.S.C. § 227(b)(1)(A).

41. Each abuse of any of the identified violations in the TCPA entitles a
consumer to seek and receive actual damages and pre-determined
statutory damages per 47 U.S.C. § 227(b)(3).

42. Under the TCPA, statutory damages are in the amount of $500 per
unintentional call or $1,500 [1] per intentional call. 47 U.S.C. § 227(b)(3).

43. Congress found that unwanted automated calls were a "nuisance and an
invasion of privacy, regardless of the type of call." Banning such calls was
"the only effective means of protecting telephone consumers from this
nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13)(Dec. 20,
1991) codified at 47 U.S.C. § 227

---

1. Plaintiff seeks statutory damages per violation as outlined in The Telephone
Consumer Protection Act (TCPA) 47 USC §227(b)(3)(B) which states "an action to
recover for actual monetary loss from such a violation, or *to receive $500 in damages
for each such violation*".    If the court finds that the *__defendant willfully or knowingly
violated this subsection__* or the regulations prescribed under this subsection, the court
may, in its discretion, increase the amount of the award to an amount equal to not
more than *3 times the amount* available under subparagraph (B) of this paragraph"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STATUTORY STRUCTURE OF THE FDCPA

44. The FDCPA is designed specifically to limit the behavior and actions of debt collectors who are attempting to collect a valid debt for another person or entity. The law restricts the means and methods by which they can contact the debtor, as well as the time of day that contact can be made. If violated, suit may be brought against the debt collector to collect monetary actual and statutorily designated damages and attorney fees.

45. The act applies also to third-party debt collectors such as people who work for a debt collection agency or are a loan servicer.

46. It is designed to protect debtors from harassment by these individuals in the form of various threats if the consumer doesn't pay.

47. The complete statute is specifically outlined in 15 U.S.C. § 1692 et seq.

## COUNT I
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) (iii) BY NATIONSTAR MORTGAGE LLC

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Plaintiff never gave permission to Defendant to call Plaintiff's cell phone.

50. At all times, where Plaintiff states Defendant called Plaintiff's personal cell phone, the number being called is 404-545-7119.

51. Defendant's first unintentional call to was made on March 7, 2014 at 12:13 Eastern Time.

52. Thereafter, Defendant intentionally and willfully called Plaintiff's personal cell phone without permissible purpose or for emergency purposes a total of six (6) times from March 7, 2014 to March 11, 2014.

53. Thereafter, Defendant intentionally and willfully called Plaintiff's personal cell phone without permissible purpose or for emergency purposes a total of nine (9) times from April 4, 2014 to April 12, 2014.

54. Thereafter, Defendant intentionally and willfully called Plaintiff's personal cell phone without permissible purpose or for emergency purposes a total of ten (10) times from April 22, 2014 to May 5, 2014.

55. Thereafter, Defendant intentionally and willfully called Plaintiff's personal cell phone without permissible purpose or for emergency purposes a total of ten (10) times from May 9, 2014 to May 23, 2014.

56. Plaintiff reserves the right to amend this complaint to include additional violation calls as may be revealed through discovery.

57. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)**(iii)** by **making calls to Plaintiff's cell phone without Plaintiff's express consent**.

> 47 U.S.C. §227(b)(1)(A)(iii) which states in part and very specifically separates three types of violations found to be unacceptable ;
> "(b) RESTRICTIOINS ON USE OF AUTOMATED TELEPHONE EQUIPMENT.—(1) PROHIBITIONS.—it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) *to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice*—(iii) *to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call*" - 47 U.S.C. §227(b)(1)(A)(iii)

58. Defendant has demonstrated willful, negligent or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)**(iii)** by **using an automatic telephone dialing system** to call Plaintiff's cell phone.

59. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)**(iii)** by using an **automated prerecorded voice** to call Plaintiff's cell phone.

60. Defendant has demonstrated ***willful and negligent or knowing non-compliance*** with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's phone number, which is assigned to a cellular telephone service company.

Case 1:15-cv-00191-WBH   Document 9   Filed 03/12/15   Page 11 of 16
61. Defendant's call and message was a telephone solicitation for money to be applied towards a debt allegedly to be in default in violation of 47 U.S.C. §227(c)(5).

62. Plaintiff called and spoke with Defendant's customer service department twice and was assured that the calls would stop.

63. In spite of those communications, Defendant refused to cease communication and continued to violate 47 U.S.C. §227 by calling Plaintiff's cell phone.

64. There is no exception or justification for the numerous violations of the TCPA by Defendant since Plaintiff never provided express or written consent to Defendant to make such calls.

65. None of Defendant's phone calls to Plaintiff's cell phone were for emergency purposes.

66. Each call made to Plaintiff's cell phone contains three separate violations; a) unauthorized call to plaintiffs cell phone; b) use of an automated telephone dialing system to make the call and ) use of an artificial or pre-recorded voice to make each call.

67. Plaintiff is entitled to statutory damages against Defendant in the amount of at least $500.00 per violation per call.

68. If all three violations occurred during a single phone call, Plaintiff is, by statute entitled to seek $1,500 for that single call.

69. Plaintiff requests that since the violations were made intentionally and recklessly that the violations be assessed a statutory damage of $1,500.00 per violation per call as allowed under 47 U.S.C. § 227(b)(3).

70. More clearly stated 1 call to the Plaintiff's cell phone entitles Plaintiff to statutory damages of a minimum of $1,500 for the three violations occurring during that call if the call is found to be unintentional, and

71. $4,500 if the call is found to be intentional. (Three intentional violations during a single call at $1,500 per violation would be $4,500 for that single call)

72. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(c)(5) by calling the Plaintiff's phone number, said calls being telephone solicitations for money and occurring more than once during a 12-month period.

73. Plaintiff had no knowledge each time Defendant made a call, the reason Defendant made each of these calls until after an automated pre-recorded voice mail was left.

74. All phone calls by the debt collector Defendant were made intentionally and with reckless disregard for the TCPA regulations that govern their operations.

75. The Defendant's actions were intentional since they continued, often up to three times a day to such a point as to harass, intimidate and disturb the Plaintiffs right to quiet enjoyment of his life .

76. As a debt collector, the Defendant should know that its actions are harmful to Plaintiff and that its actions are in reckless disregard of the TCPA statutes.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## BY DEFENDANT NATIONSTAR MORTGAGE LLC

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. Plaintiff is a "consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

79. The Defendant is engaged in a collection of an alleged "debt"[2] as defined by 15 U.S.C. §1692a(5).

80. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

81. Defendant violated *§1692c(a)* of the FDCPA by communicating with Plaintiff on his cell phone without the prior consent of the Plaintiff given directly to the debt collector or the express permission of a court of competent jurisdiction".

82. Defendant violated *§1692d(6)* of the FDCPA by the placement of telephone calls without meaningful disclosure of the caller's identity.

83. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means to collect or attempt to collect on a debt.

84. Defendant violated *§1692e(11)* of the FDCPA by the failure to disclose ... in the initial oral communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained would be used for that purpose.

---

2 - The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal family or household purposes whether or not such obligation has been reduced to judgment.

### DEMAND FOR TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury, and;

### PRAYER FOR RELIEF

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands

    (a) Statutory monetary damages of $500 for the any violation found to be unintentional pursuant to The Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(3)(B) payable by Defendant.

    (b) Statutory Treble monetary damages ($1,500.00) for each violation within each call wherein the Defendant willfully or knowingly violated The Telephone Consumer Protection Act (TCPA) 47 U.S.C. §227(b)(1)(A)(iii)

    (c) Statutory damages of $1,000 pursuant to The Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692(k)(a)(2)(A) payable by Defendant for the multiple violations stated within this complaint.

    (d) Court costs, service fees, and such other damages and further relief as may be just and proper.

Dated: March 12, 2015

Respectfully submitted,

Michael Bang, Pro Se
222 14th St. NE #223
Atlanta GA 30309
Telephone: (404) 545-7119 (cell/Text)
Facsimile: (770) 206-2233
Michaelrbang@gmail.com

## NOTICE TO DEFENDANT NATIONSTAR MARTGAGE LLC
## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.   If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.   This demand shall not narrow the scope of any independent document preservation duties of the defendant.


Michael Bang, Pro Se
222 14th St. NE #223
Atlanta GA 30309
Telephone: (404) 545-7119 (cell/Text)
Facsimile: (770) 206-2233
Michaelrbang@gmail.com